UNITED STATES of America,
Plaintiff—Appellee,

v.

Ronnie Dale NASH, Defendant—
Appellant.

No. 07–30009.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Nov. 1, 2007.

Stephanie Whitaker, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Tracy A. Staab, Esq., FPDWA–Federal Public Defender's Office, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, KLEINFELD, and GOULD, Circuit Judges.

MEMORANDUM *

Ronnie Dale Nash appeals the district court's denial of his motion to suppress evidence obtained during a search of his home conducted pursuant to a search warrant. He argues that the affidavit submitted in support of the application for the search warrant did not provide sufficient

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

evidence to establish a nexus between the evidence sought and his home. He also argues that the evidence was too stale to provide probable cause. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

■ The test of probable cause is " 'fair probability,' not certainty or even a preponderance of the evidence." *United States v. Gourde,* 440 F.3d 1065, 1069 (9th Cir.2006). We determine whether "[b]ased on the totality of the circumstances," the issuing magistrate "made a 'practical, common-sense decision' that there was a 'fair probability' " that the evidence of crime sought would be found in the place searched. *See id.* at 1066 (quoting *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Nash's online claim to have had sex with two different boys well under the age of consent, and his offer to exchange photographs, sufficed in the circumstances. The credit card information adequately linked the screen name to Nash, his date of birth, a post office box, and phone number, which enabled the police to identify his residential address. When the police drove by the residence prior to seeking the search warrant, a car registered to Ron Nash was parked in front of the house. Based on these facts, there was at least a fair probability that evidence of rape would be found on a computer at the Granger address.

■ Information provided in an affidavit must be "so closely related to the time of the issue of the warrant as to justify a finding of probable cause at that time." *United States v. Lacy,* 119 F.3d 742, 745 (9th Cir.1997) (quoting *Durham v. United States,* 403 F.2d 190, 193 (9th Cir.1968)). "We evaluate staleness in light of the particular facts of the case and the nature of the criminal activity and property sought." *Id.* The six-month old claims that Nash raped two boys were not so old that staleness would preclude probable cause, because a "practical, common-sense decision" would suggest a fair probability that his email and other materials would remain on his computer for at least that long. *Cf. id.* at 746 (holding that ten month old information was not stale in case involving child pornography and the internet).

AFFIRMED.

---

1. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.